HERBERT AUSTIN *vs.* LORENZO F. PAPANTI.

Suffolk.     November 13, 1907. — February 29, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Bills and Notes,* Payment.

At the trial of an action of contract upon a promissory note by the payee against the maker, it appeared that, at the time when the note was delivered, the defendant held by assignment the interest of a beneficiary under a trust, and that, contemporaneously with the delivery of the note, he gave to the plaintiff an order on the trustee for its amount. The plaintiff gave the order and the note to the trustee, and it appeared that thereafter the trustee had in his possession funds which he could have applied in payment of the note. The defendant contended that the foregoing facts showed a payment of the note. It did not appear either that the trustee accepted the order or applied funds of the beneficiary to the payment of the note. *Held,* that there was no evidence of payment to submit to the jury.

CONTRACT on a promissory note. Writ in the Municipal Court of the City of Boston, dated January 20, 1904.

On appeal to the Superior Court the case was tried before
*Bell*, J.   The defendant did not deny the execution and delivery
of the note, but relied solely on the contention that the facts
showed a payment, and filed twelve requests which in various
forms asked for rulings to that effect.   The presiding judge
refused to rule as requested, but ruled that no defence was made
out by the defendant and directed a verdict for the plaintiff;
and the defendant alleged exceptions.

*H. Dunham*, for the defendant.

*S. S. Fitzgerald*, for the plaintiff.

HAMMOND, J.   The consideration for the note was advanced
by the plaintiff at the request of the defendant, to pay a premium
due on a life insurance policy in which one Henry W. Austin
and the defendant were both interested, the former as the person
whose life was insured, and the latter as co-assignee with one
Ellis, to secure them as creditors of the former.   The defendant
and Ellis held also for the same purpose an assignment of Henry
W. Austin's interest in a certain trust created for his benefit
under the will of his father, the trustee being Walter Austin.

At the trial the defence relied upon was payment, the burden
of showing which was of course upon the defendant.   It appeared
that at the time the note was given the defendant gave to the
plaintiff, as a security for its payment, an order for the amount
of the note upon Walter Austin as trustee of Henry.   At this
time Walter was away, but on his return, he as trustee having
in his hands funds payable to or for the account of Henry, paid
some of it to the plaintiff, to reimburse him for certain sums
theretofore lent by him to Henry, not including however the
sum for which the note and order were given.   Neither the note
nor order have ever been paid to the plaintiff.   It appears
however that upon Walter's return the plaintiff turned over to
him the note and order, and the evidence would warrant a find-
ing that thereafter Walter had enough money in his hands to
pay the order.   Upon this state of things the defendant strongly
insists that in law the order has been paid and in that way the
note has been paid.

This position however is not tenable.   Even if it be assumed
that the defendant and Ellis were entitled as against Henry to
receive the money left in the hands of the trustee, it nowhere

appears that the trustee ever recognized such a right. He was trustee for Henry. The order was drawn not by Henry but by the defendant, and it does not appear, nor can it fairly be inferred from the evidence, that he ever accepted it or ever intended to pay it. On the contrary the evidence, so far as it goes, shows to the contrary. The simple fact that he could have accepted the order if he had so chosen, and that he had money enough to pay it is not enough.

At the close of the evidence the defendant presented twelve requests for ruling. It is unnecessary to go over them in detail. We see no error in the manner in which the court dealt with them.

*Exceptions overruled.*